# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| JUDY SMITH | § | |
| | § | |
| V. | § | NO. 1:02-CV-267 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## MEMORANDUM OPINION

The Commissioner of Social Security administratively denied Judy Smith's application for disability insurance benefits. In 2002, Ms. Smith requested judicial review pursuant to 42 U.S.C. §405(g). She succeeded to the extent of obtaining a 2004 remand of the case to the Commissioner for further proceedings, including receipt and consideration of new evidence. Upon remand, the Commissioner reconsidered and awarded benefits.

Now before the court is plaintiff's application for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, filed on July 17, 2006. Pursuant to standing orders of the court, plaintiff's application and an accompanying motion for entry of final judgment were referred to and initially considered by the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas. Judge Hines submitted a written report which recommended that the court deny plaintiff's motion for entry of final judgment, and also deny plaintiff's application for attorney fees under EAJA.

Plaintiff filed timely objections to the magistrate judge's Report and Recommendation. The court, therefore, has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

## DISCUSSION

Judge Hines recommended denial of plaintiff's motion to enter a post-remand judgment as moot. The magistrate judge concluded that the court's earlier order of remand, entered December 9, 2004, was a final judgment pursuant to Sentence Four of Section 405(g). Reviewing existing jurisprudence, the magistrate judge determined that the court's action constituted a Sentence Four final judgment – as opposed to a non-final remand order under Sentence Six – because it explicitly reversed the Commissioner's decision, a judgment was entered immediately thereafter, and other indicia of a final judgment existed.

This conclusion prompted the magistrate judge to also recommend denial of plaintiff's application for EAJA attorney fees because it was untimely, having not been filed within thirty days of entry of the 2004 final judgment. Alternatively, Judge Hines concluded that plaintiff's attorney fee application should be denied in any event because the Commissioner's position in earlier proceedings before the court was substantially justified. Judge Hines reasoned that upon judicial review, he initially recommended that the Commissioner's decision be affirmed based on evidence before the Commissioner. Judge Hines further observed that the undersigned presiding district judge agreed that he had correctly analyzed and rejected plaintiff's point arguing for reversal to consider new evidence, and admonished counsel for raising arguments and evidence for the first time in objections. These

circumstances, in Judge Hines's view, demonstrated that the Commissioner was justified in opposing plaintiff's action for judicial review.

Although not integral to his analysis, Judge Hines further suggested that plaintiff's presentation of new evidence and argument for the first time in objections to a report and recommendation constituted a special circumstance that could warrant denial of plaintiff's EAJA application.  Finally, Judge Hines stated that plaintiff's application was improper to the extent it sought recovery for work performed at the administrative level following remand.

Plaintiff objects across the board.  As for the pivotal Sentence Four (final judgment) vs. Sentence Six (non-final judgment) issue, plaintiff cites Istre v. Apfel[1] for the proposition that the court's 2004 finding of good cause for not bringing new evidence earlier necessarily means that the court contemplated a remand under Sentence Six.  In Istre, the governing court of appeals concluded that a remand order was entered under Sentence Four, citing several reasons, and further noted that the district judge's order granting a motion for sentence remand "contained no explicit findings that good cause existed to consider new evidence."  Id. at 520.  Plaintiff advocates the interpretation that a good cause finding therefore necessarily suggests that remand for consideration of new evidence is linked to remand under Sentence Six.

This interpretation is incorrect.  First, as the magistrate judge accurately observed, Istre definitively stands for the proposition that an explicit reversal of the Commissioner's decision, as in the instant case, "place[s] the remand squarely within the dictates of sentence four."  Id., (citing

---

[1] 208 F.3d 517 (5th Cir. 2000).

Shalala v. Schaefer, 509 U.S. 292, 297, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993)). Moreover, the court recently rejected the argument which plaintiff now advances in Hammond v. Barnhart, 132 Fed. Appx. 6 (5th Cir. May 17, 2005). There, the plaintiff-appellant argued that "Istre . . . stands for the proposition that the good cause requirement applies only to cases brought under sentence (6) of § 405(g)." Id., at *7. The Court responded:

> "we do not read the important holding of the opinion in that way. Instead, Istre holds that there are no permissible bases for remand other than under sentences (4) and (6) of § 405(g). . . . In other words, Istre concerned the circumstances under which a case *may* be remanded, not the circumstances under which it *must* be remanded."

Id. Thus, Istre does not stand, as plaintiff argues, "for the proposition that the good cause requirement applies only to cases brought under sentence (6) of § 405(g), in which new evidence is presented for the first time in district court."[2]

On this point, the magistrate judge's conclusions were correct, and plaintiff's Istre-based objection is **OVERRULED**. Further, since the court's 2004 order was a final Sentence Four judgment, plaintiff's EAJA application is late, and the court is without jurisdiction to consider it. This conclusion requires the court to deny plaintiff's EAJA fee application, and also renders plaintiff's other objections moot.[3]

---

[2] Under Fifth Circuit Local Rule 47.5.4, unpublished opinions are not binding precedent except under the doctrines of *res judicata*, collateral estoppel or law of the case. Rule 47.5.4 does provide, however, that unpublished opinions may be persuasive.

[3] If the remaining objections were not moot, the result would not change. The Commissioner's litigation position was substantially justified based on evidence that the plaintiff presented to the Commissioner in administrative proceedings. It is therefore irrelevant whether, as the magistrate judge suggested, plaintiff's litigation tactics constituted a special circumstance also warranting denial of plaintiff's EAJA application. On another point, plaintiff correctly argues that the magistrate judge erred when observing that EAJA applications cannot seek recovery for work performed at the administrative level following remand. See Sullivan v. Hudson, 490 U.S. 877, 888, 109 S. Ct. 2248, 2256, 104 L.Ed.2d 941 (1989). Sustaining this objection, however, would have practical application only if the court had jurisdiction to grant the application and award a reasonable fee.

By separate order, the court will adopt the magistrate judge's report and recommendation, deny plaintiff's "Motion to Enter Post-Remand Judgment in a Social Security Case," and deny plaintiff's "Application for Attorney Fees Under the Equal Access to Justice Act."

**SIGNED** this the **13** day of **November, 2006.**

_____
Thad Heartfield
United States District Judge